# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| DANIEL JAMES DRAPER,<br><br>　　　　　Petitioner,<br>　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case Nos. 3:12-cr-00004-MMD-VPC<br>　　　　　　　3:24-cv-00038-MMD<br><br>ORDER |

Before the Court is *pro se* Petitioner Daniel James Draper's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion"). (ECF No. 179.)[1] The Court denies Petitioner's Motion because he previously submitted another motion to vacate under Section 2255 in 2015 (ECF No. 127), and he has not obtained an order from the Court of Appeals authorizing this Court to consider a second petition under the same statute.[2]

Before this Court may consider a second or successive motion under 28 U.S.C. § 2255, the Ninth Circuit Court of Appeals must certify the second or successive motion according to the requirements under 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h); *Jones v. United States*, 36 F.4th 974, 981 (9th Cir. 2022). To obtain certification, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). The applicant must demonstrate that the successive motion contains either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[1] The Court cites to the docket in Case No. 3:12-cr-00004-MMD-VPC, Petitioner's criminal case number. Petitioner's related civil case is open as Case No. 3:24-cv-00038-MMD.

[2] Petitioner filed a counseled second successive habeas corpus motion with leave from the Court of Appeals in December 2016. (ECF No. 142).

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).[3] Petitioner's Motion has not been certified by the Circuit.

It is therefore ordered that Petitioner Draper's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 179) is denied for lack of certification. If Petitioner wishes for the Court to hear this or another successive motion under Section 2255, he should first move for certification in the Ninth Circuit Court of Appeals by demonstrating that he has met the requirements of Section 2255(h).

DATED THIS 15th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The Court also notes that a one-year statute of limitations period begins to run according to the considerations in 28 U.S.C. § 2255(f) and, in the case of a second or successive petition, this limitations period generally depends on the date on which new relevant evidence could have been discovered or on which the Supreme Court recognizes a new right that forms the basis of the petition. *See* 28 U.S.C. §§ 2255(f)(2)-(4).